d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRENIQUE HOWARD, also known as ANDRENIQUE GREEN, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00846 |
| VERSUS | JUDGE SUMMERHAYS |
| FANTAJAH LANAE MALOID, also known as FANTAJAH HOWARD, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### AMENDED REPORT AND RECOMMENDATION

*Pro se* Plaintiff Andrenique Howard ("Howard") – also known as Adrenique Green – filed this lawsuit under 42 U.S.C. §1983 against Fantajah Lanae Maloid ("Maloid"), also known as Fantajah Howard. ECF No. 1. As stated in the Court's prior Memorandum Order scheduling a hearing to show cause, Howard's conduct – in this lawsuit and in various others Howard has recently filed – has been vexatious and unduly burdensome upon the Court's resources. Consequently, Howard's conduct has been, and remains, detrimental to the interests of justice broadly, and to the interests of all litigants seeking redress before the Court specifically.

### I. Background

In addition to this suit, Howard has filed four other lawsuits[1] before this Court, three of which have already been dismissed as frivolous.

---

[1] The four other cases include: 1:21-cv-04163, *Howard v. Davis, et al.*; 1:22-cv-05422, *Howard v. Jarrell, et al.*; 1:23-cv-01132, *Howard v. Labor & Wages, et al.*; 1:23-cv-01408, *Howard v. Christus St. Frances Cabrini Hospital, et al.* These cases were filed from December 3, 2021, until September 27, 2023.

In this lawsuit, Howard makes broad, nonsensical claims against Maloid, as she has against various defendants in at least two of the other closed cases filed with this Court. No parties have been served or made appearances in this case. However, Howard repeatedly attempts to file additional pleadings – primarily via facsimile, despite contrary instructions from the Clerk of Court. Howard has also submitted a steady stream of letters and similar submissions to the Court, all of which are largely incoherent, and continues to visit the office of the Clerk of Court regularly with filings and lengthy inquiries.

After reviewing Howard's many filings, the Court set a show cause hearing for why her claims should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and why she should not be barred from filing suits in this Court and/or sanctioned. On November 30, 2023, the undersigned held a show cause hearing to afford Howard an opportunity to be heard as to why her claims should not be dismissed, and why additional filing limitations and sanctions should not be imposed. Notice of the hearing was provided to Howard well in advance and was copied in all of her pending lawsuits. Howard failed to appear.[2]

## II. Law and Analysis

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.

---

[2] Hours after the hearing was set to convene, Howard did, however, fax a letter to the clerk's office insisting that another hearing be scheduled – thus immediately, and yet again, violating the Court's orders regarding fax-filings.

2002); *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); see, also, *Taylor v. Books A Million, Inc.*, 296 F.3d at 378; *Cledera v. United States*, 834 Fed. App'x at 972). A *pro se* litigant should ordinarily be offered an opportunity to amend her complaint before it is dismissed. But leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

Furthermore, pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Howard is proceedings *in forma pauperis*. ECF No. 2. An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

3

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *See also* Smilde *v. Snow*, 73 Fed.App'x 24, 25 (5th Cir. 2003). A dismissal "at any time" includes dismissal at the initiation of the action, even before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Such dismissals "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989).[3]

Redundant or duplicative filings are also unwarranted. "A plaintiff cannot pursue a second lawsuit that arises from the same operative facts as those raised and

---

[3] A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

Still, district courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*, and dismissal is appropriate if a complaint has no "realistic chance of ultimate success" or is "clearly baseless." *Green v. McKaskle*, 788 F.2d at 1119-20; *Denton v. Hernandez*, 504 U.S. at 32. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Brewster v. Dretke*, 587 F.3d at 767. A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213 (clearly baseless); *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (irrational or wholly incredible); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (fanciful, fantastic, delusional).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

adjudicated, or that could have been adjudicated, in a prior lawsuit." *Hankerd v. Fed. Bureau of Investigation*, No. 6:19-CV-523-JCB, 2019 WL 7598906, at *2 (E.D. Tex. Nov. 20, 2019), *report and recommendation adopted,* No. 6:19-CV-00523, 2020 WL 265566 (E.D. Tex. Jan. 17, 2020).

In summary, federal courts possess the inherent power "'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Obama v. United States*, No. 3:09–CV–2260, 2010 WL 668847, at *5 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Federal courts also bear a "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). "If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered." *Id.*

In exercising this authority and fulfilling this constitutional obligation, a court may "levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d at 902. "Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims." *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218–19 (N.D. Tex. 2020) (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993)). Under Rule 11(b), litigants have an obligation to make only nonfrivolous arguments to support their factual contentions with

evidentiary support. Fed. R. Civ. P. 11(b). Violations of this rule subject a litigant to sanctions, including non-monetary ones, with the goal of "deter[ring] repetition of the conduct." Fed. R. Civ. P. 11(c)(4). This rule gives district courts wide discretion in determining what sanctions are appropriate. *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). A court may order a party to show cause why conduct has not violated Rule 11 and impose sanctions *sua sponte*. Fed. R. Civ. P. 11(c)(3). Another potential sanction is the imposition of a pre-filing inunction. The United States Court of Appeals for the Fifth Circuit has held that ""a district court may sua sponte impose a pre-filing injunction to deter vexatious filings." *Baum,* 513 F.3d at 189. In deciding whether to impose a pre-filing injunction, a court should consider all relevant circumstances, including:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.*[4]

"Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice." *Gardner v. Shreve Mem'l Library*, 14-CV-0456, 2014 WL 1315077 at *2 (W.D. La. Mar. 27, 2014) (citing *Martin v. Dist. of Columbia Court of Appeals*, 113 S.Ct. 397,

---

[4] If issued, a prefiling injunction must be tailored to preserve the legitimate rights of litigants while also protecting the courts and innocent parties. *Baum,* 513 F. 3d at 518.

6

398 (1992)). "A court 'may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice.'" *Gardner*, 2014 WL 1315077 at *2 (citing *Goldgar v. Office of Administration*, 26 F.3d 32, 36 n.3 (5th Cir. 1994).

Finally, under Local Rule 5.7.01, "[a]ll documents filed by . . . pro se filers shall be filed in accordance with the Administrative Procedures for Filing Documents as established by this court." LR 5.7.01. "Pro se filers shall file all pleadings and documents in conventional paper form unless otherwise allowed by the court." Western District of Louisiana Administrative Procedures for Filing Pleadings, §(I)(A)(2). Emergency filing by facsimile transmission was repealed on August 8, 2018. Thus, the Court does not accept facsimile filings. Any document sent through facsimile transmission will not be filed and will be disregarded.

Howard was previously warned that any violation of this Order may result in additional sanctions, including, but not limited to, monetary sanctions under Rules 11 or 37 of the Federal Rules of Civil Procedure and/or this Court's inherent authority, and dismissal. Howard was also cautioned that excessive motions for leave, frivolous motions, or unnecessary motions of other kinds could result in the imposition of sanctions. Yet, she continues to engage in such behavior and fails to show cause why additional sanctions should not be imposed.

### III. Conclusion

The interests of justice demand that the Court consider such sanctions here. As a precondition to the recommendations below, Howard has been afforded notice

7

and an opportunity to be heard on these issues and failed to avail herself of that opportunity. *Baum,* 513 F.3d at 189 (5th Cir. 2008). Therefore,

IT IS RECOMMENDED that the following previous orders remain effective:

1. Howard shall not attempt to file any future documents, in this or any other lawsuit, by facsimile. The Clerk of Court shall disregard filings submitted by facsimile, noting on the docket only the fact that such a filing was received in violation of this Order.

2. Howard shall refrain from filing frivolous and/or excessive motions or other documents in this or any other lawsuit.

3. The Clerk of Court shall construe all future filings by Howard as a request for leave to file, in this or any other lawsuit.

IT IS FURTHER RECOMMENDED that:

1. this lawsuit be dismissed as frivolous pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. Andrenique Howard, also known as Andrenique Green, be placed on the sanctioned/barred list;

3. The Clerk of Court decline to accept any civil complaint by Howard, unless the complaint has first been presented to the Chief Judge, and the Chief Judge has specifically ordered in writing that the complaint may be filed.

4. Howard's *in forma pauperis* status be revoked, and Howard be prohibited from filing additional lawsuits in this Court without

prepayment of the full filing fee,[5] and subject to Chief Judge approval as stated above; and

5. Howard be sanctioned in the amount of $100 for:

   a. filing or attempting to file any document by facsimile; or

   b. filing or attempting to file any motion or other document determined to be frivolous or vexatious.

IT IS FURTHER RECOMMENDED that the Clerk of Court enter a copy of this Order in each of Howard's pending and dismissed lawsuits.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on December 1, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[5] *See, e.g.*, *Hankerd v. Fed. Bureau of Investigation*, No. 6:19-CV-523-JCB, 2019 WL 7598906 (E.D. Tex. Nov. 20, 2019), *report and recommendation adopted,* No. 6:19-CV-00523, 2020 WL 265566 (E.D. Tex. Jan. 17, 2020).